# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# LONDON

**CIVIL ACTION NO. 10-108-JBC**

**WILLIAM SPARKS,**                                                        **PLAINTIFF,**

**V.**                 **MEMORANDUM OPINION AND ORDER**

**MICHAEL J. ASTRUE, COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION,**                       **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon cross-motions for summary judgment on William Sparks's appeal of the Commissioner's denial of his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") (R. 10, 11). The court will deny Sparks's motion and grant the Commissioner's motion because substantial evidence supports the administrative decision.

Sparks was a forty-one-year-old male with a marginal education at the time of the alleged disability onset date. AR 16. He has past relevant work as a farm laborer. *Id*. He alleged disability beginning August 25, 2001, AR 5, due to a learning disability, heart problems, and back problems. AR 97. He filed his claim for DIB and SSI on December 15, 2006. *Id*. The claim was denied initially on February 9, 2007, and again upon reconsideration on May 22, 2007. *Id*. After a hearing on October 22, 2008, Administrative Law Judge ("ALJ") Don C. Paris determined that Sparks did not suffer from a disability as defined by the Social Security Act. *Id*. At Step 1, *see Preslar v. Sec'y of Health & Human Servs.*, 14

F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. § 404.1520, the ALJ found that Sparks had not engaged in substantial gainful activity since the date of the alleged onset of disability. AR 7. At Step 2, the ALJ found that Sparks had severe impairments of obesity, a history of non-ischemic cardiomyopathy, degenerative disc disease of the lumbar spine, depression, cognitive disorder, and an unspecified anxiety disorder. AR 7. The ALJ then determined at Step 3 that Sparks's impairments, singly or in combination, did not meet or medically equal a listing in the Listing of Impairments. AR 10. At Step 4, the ALJ found that Sparks is unable to perform any past relevant work. AR 16. The ALJ concluded at Step 5 that jobs exist in significant numbers in the national economy that Sparks can perform, and he then denied Sparks's claims for DIB and SSI. AR 17. On March 3, 2010, the Appeals Council denied Sparks's request for a review of the ALJ's decision and Sparks commenced this action.

Sparks claims that the ALJ's decision was not supported by substantial evidence for the following reasons: (1) the ALJ did not give appropriate weight to the opinion of Sparks's treating chiropractor; (2) the ALJ did not give appropriate weight to Sparks's testimony about his impairments; (3) the ALJ did not properly consider the cumulative effect of Sparks's impairments; and (4) the ALJ did not properly consider Sparks's alleged inability to hold a job for a significant period of time.

### A. Weight Given to Treating Chiropractor

The ALJ properly considered and rejected the evidence proffered by Dr. Patel, plaintiff's treating chiropractor. Although the opinions of a "treating source" are entitled to significant deference, *see Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004); *Farris v. Sec. of Health and Human Servs.*, 773 F.2d 85, 90 (6th Cir. 1985), a "treating source" must be a medical source as defined by the Social Security regulations, which provide that a chiropractor is not an "acceptable medical source." *See* 20 CFR § 404.1513(a); 20 CFR 416.913(a); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 530-531 (6th Cir. 1997). The ALJ was not required to defer to Patel's opinions or to give them any controlling weight. The ALJ properly considered Patel's opinions along with all of the other evidence in the record. *Id*. The ALJ did, in fact, review the opinions of Dr. Patel, but found that they were "totally inconsistent" with both the available medical evidence and Sparks's reported limitations. AR 16. The ALJ did not err in rejecting those opinions in light of the objective medical evidence in the record.

### B. Weight Given to Plaintiff's Testimony Regarding Impairments

The ALJ properly considered Sparks's testimony in light of the medical evidence of record and his own observations of Sparks. Sparks testified that he is unable to work because of his heart and back problems, including "chest pains every now and then," constant pain in his lower back that radiates to his hip and leg, and periodic episodes of numbness in his right arm and shortness of breath.

AR 13. He also testified to his treatment for these conditions, including two prescriptions and over-the-counter aspirin for his heart issues and chiropractic treatment for his back issues. *Id*. He also testified that he was told he would eventually need surgery to correct his back problem. *Id*.

A claimant's subjective complaints can support a claim of disability if there is also objective medical evidence of the underlying medical condition in the record. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003). An ALJ is not, however, required to give a claimant's testimony any deference and may properly consider the claimant's credibility is determining whether a claimant is disabled. *Id*. The ALJ found, based on Sparks's testimony and despite a lack of supporting objective medical evidence, that he did have some limitations in his ability to perform work-related activities, but that his impairments did not preclude him from performing such activities. AR 14.

The ALJ considered Sparks's testimony regarding his impairments in light of his testimony regarding the tasks he performs on a regular basis, such as household chores, driving, and walking for exercise. *Id*. The ALJ also considered Sparks's lack of medical treatment for his chest pains and back pain, as well as the lack of evidence in the record regarding any recommendation of back surgery. *Id*. The record demonstrates that Sparks's heart and back conditions have remained stable, AR 78-79, and that he has not been prescribed medication for his back pain. AR 15. The ALJ found that the lack of treatment and Sparks's activities indicate that

his impairments are not as severe as he alleged. *Id*. The ALJ also found other aspects of Sparks's testimony not credible, particularly those regarding the intensity, persistence, and limiting effects of his condition. AR 13. The ALJ did not err in his application of the legal standard regarding his consideration of Sparks's testimony, and he provided sufficient evidence for his findings contradicting Sparks's allegations of disability.

### C. Cumulative Weight of Impairments

The record contains sufficient evidence that the ALJ did consider the cumulative effects of Sparks's heart and back issues. The ALJ specifically found that Sparks did not have a combination of impairments that met or medically equaled a listing in the Listing of Impairments. AR 10. In making this decision, the ALJ considered together Sparks's degenerative disc disease of the lumbar spine, non-ischemic cardiomyopathy, and mental impairments. *Id*. The ALJ found, in light of the combination of plaintiff's impairments, that Sparks was capable of a wide range of light and sedentary work. AR 16. Going beyond this determination, the ALJ investigated whether such work would be available in a form that would allow Sparks to alternately sit or stand to alleviate his back pain. AR 17. The ALJ properly considered the cumulative effects of plaintiff's impairments in making his determination, and his findings are supported by substantial evidence in the record.

### D. Sparks's Ability to Hold a Job

The ALJ properly found that Sparks possesses the ability to hold a job. The

5

ALJ considered and rejected Sparks's claims that he could not sustain regular and continuing work as not credible in light of his own testimony regarding his activities, the medical evidence on the record of Sparks's physical impairments, and the lack of any diagnosis or treatment for mental impairments. AR 14-15. The ALJ specifically considered Sparks's mental impairments in determining that he was capable of performing work "that requires no more than a seriously limited but not precluded ability to maintain attention and concentration and relate predictably in social situations." AR 11. The record contains substantial evidence supporting the ALJ's finding that Sparks is capable of finding and sustaining certain types of work.

Sparks maintains that the ALJ did not consider whether he possessed the ability to hold a job, not just on a temporary basis, but for a significant period of time. Sparks cites *Gatliff v. Comm'r of Soc. Sec.*, 172 F.3d 690 (9th Cir. 1999), for the proposition that "substantial gainful activity means more than merely the ability to find a job and physically perform same, [i]t also requires the ability to hold the job for a significant period of time." R.10 at 4-5. This authority is neither binding nor applicable to the facts of this case. There is no indication in the objective medical evidence in the record that Sparks would be physically or mentally incapable of sustaining employment for an extended period.

The ALJ having properly applied the relevant legal standards and his decision being supported by substantial evidence,

**IT IS ORDERED** that Sparks's motion for summary judgment (R. 10) is

**DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment (R. 11) is **GRANTED**.

The court will enter a separate judgment.

Signed on  August 31, 2011

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY